IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13 CR 251 |
| | ) |
| DEJUAN L. CRUMER | ) |
| | ) |

**<u>DEFENDANT'S SENTENCING MEMORANDUM</u>**

    COMES NOW DeJuan L. Crumer, by and through undersigned counsel Sean M. Vicente, Assistant Federal Public Defender, and respectfully submits the following Sentencing Memorandum. The purpose of this memorandum is to address a proposed United States Sentencing Commission amendment, and to address the factors outlined in Title 18 U.S.C. §3553(a). Specifically, Mr. Crumer requests a sentence of probation.

1. There are no objections to the guidelines calculations in the PSR.
2. Mr. Crumer requests a variance downward based on the Sentencing Commission's proposed amendment related to the Drug Quantity Table as found in the USSG 2.D1.1. Specifically, the Commission has proposed changing the Drug Quantity Table by reducing all the Base Offense Levels by two points. Therefore, Mr. Crumer's Base Offense Level, as found in USSG 2D1.1(c)(8) would drop from a level 24 to a level 22. His Total Offense level would drop from a 23 to a 21, and the recommended guideline imprisonment range would drop from 46 to 57 months to 37 to 46 months. Counsel for the defendant has attached the

Proposed Amendments as Exhibit A.  The government is not opposed to the application of this proposed amendment.

3. Defendant is also respectfully requesting this Court to vary downward for reasons given in the Presentence Report (PSR), paragraph 87.  Section 3553(a) instructs the Court to impose a sentence that is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public, and provide the defendant with needed correctional treatment. 18 U.S.C. §3553(a).  Mr. Crumer is statutorily eligible for a one-to-five year term of probation under 18 U.S.C. §3561.[1]

A sentence of probation is not authorized by the Sentencing Guidelines §5B1.1, cmt. n 2. Under United States v. Booker, 543 U.S. 220 (2005), the Court has the discretion to vary from the guidelines to impose a sentence of probation. The guidelines range is only one of the factors relevant to determine an appropriate sentence under §3553(a).  The unique circumstances of this case justify a variance from the guidelines to a sentence of probation, which is sufficient, but not greater than necessary, to achieve the sentencing goals set forth in 18 U.S.C. §3553(a).

Probation would be sufficient, but not greater than necessary, to reflect the seriousness of Crumer's offense and to promote respect for the law. Probationers are subject to conditions that "substantially restrict their liberty." Gall v. United States, 128 S.Ct. 586, 595 (2007).  Standard conditions prohibit probationers from leaving the judicial district, moving, or changing jobs without notifying or receiving permission from their probation officers or

---

[1] Crumer is eligible for probation under 18 U.S.C. §3561 because the statutes of conviction, 18 U.S.C. §922(d) and 18 U.S.C. §841, do not preclude a term of probation, and they are Class D and C felonies. The authorized term of probation for a felony is one to five years. 18 U.S.C. §3561(c); see also PSR at ¶72.

the court. Id.  They must "report regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excessive drinking." Id.  And because the Court can revoke a term of probation and impose a term of imprisonment for violation of any of these conditions, a probationer has a strong incentive to comply with the terms of release. See 18 U.S.C. §3565. A sentence of probation, with its restrictions on Crumer's liberty and the ever-present threat of imprisonment,  would provide punishment sufficient, but not greater than necessary, to reflect the seriousness of the offense and to promote respect for the law.

Probation is also sufficient, but not greater than necessary, to protect the public and to deter Mr. Crumer and others from further criminal behavior.   Mr. Crumer has no history of violent criminal behavior, no gang affiliations, and he never attempted, threatened, or intended to use any of the firearms he sold. Also the guns Crumer sold were not used in any shootings. The CI instigated both the drug and gun sales when she approached Mr. Crumer at a gas station and boldly asked him where she could get some marijuana.  Mr. Crumer bought some marijuana for her and after this initial meeting they had a several month long sexual relationship.  During that time he was introduced to one of her friends, an undercover ATF officer, who wanted guns and drugs.  As on ongoing favor to his girlfriend, the CI, he procured what the agent wanted.  Having grown up in Wellston, Missouri, gaining access to such desired objects was not hard and the ATF paid well.

Additionally, Crumer is a first time offender, having never been convicted of a crime in his life. Studies by the Sentencing Commission have shown that persons with minimal prior involvement in the criminal justice system are much less likely to recidivate.[2] Offenders with

---

[2] See United States Sentencing Comm'n, "A Comparison of the Federal Sentencing Guidelines Criminal History Category and the U.S. Parole Commission Salient Factor Score"

stable employment in the year prior to arrest are also less likely to recidivate.[3]  Between August 2008 until May 2012, Crumer worked at FedEX in St. Louis, Missouri. PSR at ¶59. Crumer's lack of criminal history and his employment record show that a term of imprisonment is not necessary to protect the public or to deter him from future criminal conduct.

Finally, probation would be the most effective way to provide correctional treatment for Crumer. The probation office would provide Mr. Crumer meaningful access to tools with which to re-engage with the workforce. They can help him with career planning and money management.

WHEREFORE, Defendant respectfully requests this Court to consider the above and sentence Mr. Crumer accordingly.

Respectfully submitted,

/s/Sean M. Vicente
Sean M. Vicente, #86902PA
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Sean_Vicente@fd.org

ATTORNEY FOR DEFENDANT

---

(2005), http://www.ussc.gov/publicat/RecidivismSalientFactorCom.pdf.

[3] See United States Sentencing Comm'n, "Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines" (2004), p. 12, http://www.ussc.gov/publicat/Recidivism_General.pdf.

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 4, 2014, the foregoing was filed electronically with the Clerk of the Court and served via electronic mail upon Jeannette Graviss, Assistant United States Attorney and Amanda G. Donley, United States Probation Officer.

                                              /s/Sean M. Vicente
                                              Sean M. Vicente, #86902PA